# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal Action No. 92-00105-KD |
| | ) |
| KENNETH E. RONE, | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on Defendant Rone's letter motion to withdraw federal detainer (Doc. 1).[1] In his letter motion, Rone – a state prisoner[2] presently in the custody of the Mississippi Department of Corrections ("MDOC") -- "seek[s] relief from the restrictions imposed by the federal detainer and its continuing negative effect upon my rehabilitation efforts[.]" Specifically, Rone asserts that he has served over two (2) years as a volunteer fire fighter with the Mississippi State Penitentiary Fire Department and that the MDOC has instituted a new policy which disqualifies him from being able to serve as a fire fighter due to his federal detainer.

Any restrictions imposed by the Bureau of Prisons ("BOP") through the MDOC, other than prohibiting Rone's release, are imposed by the MDOC, not this Court. "The federal court has no authority over the rules and regulations regarding classification [as a result of MDOC prisoner procedures and rules] which are promulgated by the State of Mississippi." Butler v. Kelly, 2006 WL 3858334, *3 (S.D. Miss. Dec. 29, 2006). Rone's dispute of the MDOC's use of a federal detainer in determining his eligibility for prison work programs (*i.e.*, the volunteer fire fighter program) may be a

---

1 Rone's letter is dated July 28, 2010 letter, and was filed in this Court on August 6, 2010 and referred to the undersigned on August 26, 2010.

2 The record reveals that Rone was sentenced, in October 1992, to imprisonment for 24 months under Count One of the Indictment (conspiracy to alter U.S. money orders) to run consecutively to any pending state or federal sentence; "SRT 3 YRS; special cond. deft. is to participate in a alcohol/drug abuse program[.]" (Doc. 1-1 at 2).

1

"claim[] of th[e] sort normally brought in a civil rights action[.]" Mina v. United States, 2007 WL 707360, *8 (M.D. Fla. Mar. 5, 2007).[3] "[T]he mere fact that a detainer has adverse consequences upon a prisoner's eligibility for rehabilitative/institutional programs . . . does not implicate due process concerns." See, e.g., Johnson v. Wise, 2010 WL 3306920, *6 (S.D. Ala. Jul. 13, 2010) (citing Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)). Federal detainers merely request that state prison officials notify the Marshal of a prisoner's release date so that a deputy marshal may be present on that day to take custody of the prisoner. See, e.g., United States v. Dovalina, 711 F.2d 737, 740 (5th Cir. 1983).[4] Accordingly, it is **ORDERED** that Rone's letter motion (Doc. 1) is **DENIED.**

**DONE** and **ORDERED** this the **8th** day of **September 2010.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**

---

3 "Attacks on the conditions of a prisoner's confinement, or unconstitutional prison procedures, must be pursued in an action under 42 U.S.C. § 1983." Butler, 2006 WL 3858334 at *3 (citing Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997). "[T]he central difference between habeas corpus and a civil rights action hinges on whether the prisoner challenges the fact or duration of confinement as opposed to the 'rules, customs, and procedures affecting 'conditions' of confinement.'" Id. And while prisoners have challenged the execution of a federal sentence (seeking release of federal detainers) pursuant to Section 2241, "such challenge is not allowable until petitioner begins his federal sentence." Johnson , 2010 WL 3306920, at*4.

4 As noted in Dovalina, 711 F.2d at 740 (citations omitted):

. . . . Federal detainers are issued by the United States Marshall and merely request that state prison officials notify the Marshall of a prisoner's release date so that a deputy marshall may be present on that day to take custody of the prisoner. "This being the case, there is nothing about a federal sentence consecutive to a state sentence, or about a federal detainer, which has any legal effect whatever on the decision of state authorities to place a state prisoner in one or another state program." . . . Thus, if he has been excluded from state prison programs, Dovalina's only complaint is of the actions of state officials, not that his federal sentence is unlawful . . .